**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |  |
|---|---|---|---|
| ANTONIO COLBERT, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. | **11 0320** |
| | ) | | |
| NEW YORK AVENUE | ) | | |
| PRESBYTERIAN CHURCH, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that he had been receiving mail at the New York Avenue Presbyterian Church, and that a church employee considered this arrangement "as some type of game in which they could gain sexual favors from [him]." Compl. at 2. This alleged "criminal misconduct" has led to "more criminal harrassment [sic]." *Id.* Plaintiff demands damages of $200,000. *Id.*

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The Court deems the instant complaint frivolous, and accordingly, dismisses this action under 28 U.S.C. § 1915(a)(2)(B)(i). An Order consistent with

this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE: 1/24/11